FILED

2014 May-21  PM 02:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| REBECCA DARINE JAGGARS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-158-TMP |
| | ) | |
| CITY OF SHEFFIELD, ALABAMA, and | ) | |
| C.M. ERGLE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This cause is before the court on the motion to dismiss filed on February 5, 2014, by the defendants, the City of Sheffield and C.M. Ergle. Defendants seek dismissal of all of plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) and Alabama Code Sections 11-47-23 and 11-47-192. This matter has been fully briefed. The court has considered the pleadings and the arguments set forth by both parties, and the parties have consented to the exercise of jurisdiction by the undersigned pursuant to 28 U.S.C. § 636(c).

## BACKGROUND

Plaintiff Rebecca Darine Jaggars brought this action in the Circuit Court for Colbert County, Alabama, pursuant to 42 U.S.C. § 1983 and Alabama state law, seeking compensatory and punitive damages and attorneys' fees. It was removed to this court by the defendants on the basis of federal question jurisdiction. 28 U.S.C. § 1331. Plaintiff contends that the defendants

wrongfully arrested her, engaged in an unlawful search and seizure, and wrongfully refused to return property to her for a period of 42 days.

Jaggars' claims arise from a traffic incident that occurred on August 21, 2012, in which plaintiff was charged with operating a motor vehicle while under the influence of a substance that impaired her mental or physical faculties.  (Doc. 1-1; Complaint, Ex. A).   She alleges that the City, acting through Sheffield Police Officer C.M. Ergle, falsely arrested her without probable cause and, pursuant to a wrongful search, seized 168 hydrocodone pills and 84 Carisoprodol pills.[1] (Doc. 1-1; Complaint; Ex. E).   Jaggars alleges generally that the arrest, search and seizure were "all without probable cause," and were pursuant to a "policy, practice, and procedure" of the defendant City.   She asserts that the arrest, search, and seizure violated her Fourth, Fifth, and Fourteenth Amendment rights under the Constitution, and also were violative of state law.

Jaggars' complaint provides scant factual allegations.  Attached to the complaint as an exhibit, however, is a copy of the arrest report, which indicates that Ergle reported that he was notified by a Florence police officer that Jaggars was driving "very bad" before she crossed the bridge connecting Florence and Sheffield.  Ergle arrested Jaggars after she parked at a Sheffield apartment complex.[2]  His narrative description of the incident in the arrest report states the following:

---

[1]      Online medical dictionaries define hydrocodone as an opioid prescribed for pain, and Carisoprodol as an analgesic and skeletal muscle relaxant.

[2]      Because the plaintiff attached the arrest report as an exhibit to her complaint, the court must consider it part of the complaint for all purposes, including assessing the factual allegations pleaded by the plaintiff.  See Fed. R. Civ. P. 10(c); Associated Builders, Inc. v. Alabama Power Co., 505 F.2d 97, 100 (5th Cir. 1974) ("If the appended document, to be treated as part of the complaint for all purposes under Rule 10(c), Fed.R.Civ.P., reveals facts which foreclose recovery as a matter of law, dismissal is appropriate."); Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1206 (11th Cir. 2007) ("[W]hen the exhibits contradict the general and conclusory allegations of

> Received a call that a Florence officer was following a white Dodge Avenger across O'Neal Bridge onto Hatch [Boulevard].   Subject was driving very bad. She had been through two yards.   When Officer Ergle arrived she was still sitting in vehicle in parking space at Colbert Square Apartments.   Witness Officer Terry Rhea states to me that she was very erratic and that he could see her slapping her face.   Officer Ergle spoke with the subject and she was unsure on her feet.   She was slurring her words badly.   She admits to taking Zanex.   She was asked to perform the walk forward and count two.   She did not stop at two until Officer stopped her.   She could not walk a straight line.   She had problems with following small orders.   On the GNT her pupil's [sic] began to bounce just past the 15 degree mark.   The bounce was very pronounced.

(Ex. B to Complaint, Doc. 1-1, p. 14 of 19).   As a result of the stop, plaintiff was arrested for a violation of Alabama law for driving under the influence of an unknown substance which impaired her ability to drive safely.   See Alabama Code § 32-5A-191(a)(5) (1975), as incorporated by Sec. 30-4 of the Sheffield Code of Ordinances.   Pursuant to the arrest, Officer Ergle searched plaintiff's car and found 168 hydrocodone pills and 84 carisoprodol tablets.   Plaintiff was not charged with any offense related to the drugs, but the drugs were seized and never returned to her. On April 15, 2013, on motion by the City of Sheffield, the driving under the influence charge against plaintiff was dismissed.   (Ex. D to Complaint, Doc. 1-1, p. 16 of 19).   On May 28, 2013, plaintiff filed a verified statement of claim against the City of Sheffield pursuant to Alabama Code §§ 11-47-190 and -192 (1975).

The defendants assert that the claims set forth under Section 1983 are due to be dismissed because they fail to state a claim and because the city is not liable under Monell v. Department of Social Services, 436 U.S. 658, 691-92 (1978).   Defendants further contend that the state-law tort

---

the pleading, the exhibits govern.").   Even so, the court need not read the contents of the arrest report as "true," but only that such were the facts believed by Officer Ergle, even if he was mistaken about them.

claims against the city are barred by the notice provisions of Alabama Code §§ 11-47-23 and 11-47-192, and the city is not liable for any punitive damages.   Her complaint alleges three causes of action:   Count One against both defendants for "violation" of 42 U.S.C. §1983; Count Two against both defendants alleging state-law claims for "wrongfully arresting" plaintiff and "neglectfully, carelessly or unskillfully searching" plaintiff, retaining the pills, and committing "actual negligence;" and Count Three against the City for negligent hiring, training, supervision, and retention of Ergle.[3]

## DISCUSSION

Before the Supreme Court decided Bell Atlantic v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a court could dismiss a complaint only where it was clear that "no relief could be granted under any set of facts that could be proved consistent with the allegations," as set forth in Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). The well-established Rule 12(b)(6) standard set forth in Conley was expressly rejected in Twombly, when the Supreme Court examined the sufficiency of a plaintiff's complaint and determined:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).   While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his

---

[3]   The complaint fails to recite whether Ergle is sued in his individual capacity or in his official capacity.   The complaint also names several fictitious defendants, who are disregarded in federal court.   The court assumes that the complaint sets forth claims against Ergle in both his individual and official capacities.

> "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.   Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. at 555 (citations omitted).   The Court went on to criticize Conley, stating that "[t]he 'no set of facts' language has been questioned, criticized, and explained away long enough" by courts and commentators, and "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." 550 U.S. at 562-63.   The Supreme Court emphasized, however, that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."   550 U.S. at 570.   The Supreme Court expanded on the Twombly standard when it decided Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009), reiterating the Twombly determination that a claim is insufficiently pleaded if it offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."   Iqbal, 129 S. Ct. at 1949.   The Court further explained:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.   Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice....   Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.   Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.   Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.   But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not "show[n]"--"that the pleader is entitled to relief."

5

Iqbal, 129 S. Ct. at 1949–50 (citation omitted). See also Sinaltrainal v. Coca–Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009), overruled on other grounds by Mohamad v. Palestinian Authority, ___ U.S. ___, 132 S. Ct. 1702, 182 L. Ed. 2d 720 (2012) ("The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss" and "the well-pled allegations must nudge the claim 'across the line from conceivable to plausible'" (quoting Iqbal and Twombly)).   Applying these standards, the court examines the merits of the defendants' motion to dismiss.[4]

## A.   Claims Brought Pursuant to Section 1983

### 1.   Failure to Plead a Factual Basis

The plaintiff asserts in Count One of her complaint that the defendants violated her Fourth, Fifth, and Fourteenth Amendment rights, but does not otherwise describe or identify the particular

---

[4]   Plaintiff has not made the argument advanced in some cases that, because she pleaded her complaint under state pleading standards before being removed to federal court, the Twombly standard does not apply to her complaint and that its sufficiency must be evaluated using state pleading standards.   The majority rule seems to be, however, that federal pleading standards, including Twombly/Iqbal, apply to removed complaints.   See Stuhlmacher v. Home Depot U.S.A., Inc., 2011 WL 1792853 (N.D. Ind. May 11, 2011); Henderson v. Food Lion, Inc., 1991 U.S. App. LEXIS 96, at *6–7, 1991 WL 644 (4th Cir. Jan. 7, 1991) (unpublished); Sibel Prods. v. Gaming Partners Int'l Corp., 2009 U.S. Dist. LEXIS 119703, at *6–7, 2009 WL 5166211 (S.D. Ill. Dec. 23, 2009); Lin v. Chase Card Servs., 2010 U.S. Dist. LEXIS 29120, at *7 n. 2, 2010 WL 1265185 (D.N.J. Mar. 26, 2010); Maness v. Boston Scientific, 2010 U.S. Dist. LEXIS 118748, *10, 2010 WL 4629984 (E.D. Tenn. Nov. 4, 2010) (stating that, pursuant to Rule 81(c), Rule 8(a)(2) and Twombly's plausibility standard apply to evaluate the substantive sufficiency of a complaint after removal to federal court); Wendell v. Johnson & Johnson, 2010 U.S. Dist. LEXIS 4188, at *7, 2010 WL 271423 (N.D. Cal. Jan. 20, 2010) ("Rule 12(b)(6) motion considers the substantive sufficiency of the pleadings as if the action had never been in state court.").   Indeed, plaintiff herself cites the Twombly/Iqbal pleading standard, arguing that she has met it.   See Doc. 7, pp. 2-3)

rights violated.[5]   The "factual" allegations of the complaint assert only that she was subjected to "wrongful arrest, wrongful search, wrongful seizure, all without probable cause, and the wrongful retention of plaintiffs [sic] lawful medication,… and wrongfully prosecuting plaintiff…."   See Complaint, Doc. 1-1, ¶ 12.   Defendants seek dismissal of the claims purporting to allege violations of the Fifth and Fourteenth Amendments, asserting that the only wrongdoing she alleges must be examined as claims brought under the Fourth Amendment, made applicable to the states through the Fourteenth Amendment.   The court agrees that the conduct complained of -- a traffic stop that resulted in an arrest, search, and seizure -- constitute claims that arise under the Fourth Amendment, and are not cognizable as claims alleging separate violations of due process under the Fifth Amendment.   See Terry v. Ohio, 392 U.S. 1, 30, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968); Albright v. Oliver, 510 U.S. 266, 273–74, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994); see, e.g., Uboh v. Reno, 141 F.3d 1000, 1003 (11th Cir.1998) (characterizing a malicious prosecution claim as being based on the Fourth rather than Fourteenth Amendment); Dorsey v. Wallace, 134 F. Supp. 2d 1364, 1374 (N.D. Ga. 2000).   The proper analysis of these claims, at this juncture, is whether the complaint sets forth a factual allegation that Ergle had no reasonable suspicion that Jaggars was engaged in criminal activity when he arrested her and seized her pills.[6]   See Reid v. Georgia, 448 U.S. 438, 440, 100 S. Ct. 2752, 65 L. Ed. 2d 890 (1980).

---

[5]        Although the complaint asserts that the defendants "violated" § 1983, it is clear that §1983 "is not itself a source of substantive rights" but instead provides a "method for vindicating federal rights elsewhere conferred."   Baker v. McCollan, 443 U.S. 137, 144 n. 3, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979).   The violation of federal law alleged is that she was subjected to an illegal arrest, search, and seizure.

[6]        Defendant Ergle has not raised the issue of qualified immunity.   Accordingly, the court does not address whether there was arguable probable cause for the arrest.

It is well established that an individual has a right to be free from "unreasonable searches and seizures" and that the "reasonableness" of a search or arrest is "determined by the presence or absence of probable cause for the arrest." Skop v. City of Atlanta, 485 F.3d 1130, 1137 (11th Cir. 2007).   "Probable cause to arrest exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." Id.   The defendants argue that the claims brought pursuant to § 1983 are due to be dismissed as insufficiently pleaded because the plaintiff does not provide any factual support for the requisite showing that the arrest, search, or seizure was done without probable cause.   (Doc. 5, p. 12-14).   In response to the motion to dismiss, plaintiff argues that the claim is sufficiently pleaded because the complaint, at paragraph 12, alleges that the wrongful arrest, search and seizure were "all without probable cause."   (Doc. 7, p. 3).   The complaint does recite that the defendants acted without probable cause; however, the use of that phrase is not sufficient to meet the factual pleading standard of Twombly and its progeny.   The statement is not a factual allegation; it is purely a legal conclusion, which, under Iqbal, is not an allegation that the court must accept as true in deciding a Rule 12(b)(6) motion.   The court must accept as true only well-pleaded factual allegations.   Iqbal, 129 S. Ct. at 1949.

In this case, the plaintiff's complaint and the arrest report attached thereto as Exhibit B constitute the factual pleadings.   The arrest report (Doc. 1-1, Ex. B), explicitly sets forth facts that provide probable cause for the arrest: that a police officer from the adjacent city of Florence[7]

---

[7]     The court takes judicial notice that the O'Neal Bridge referenced in the arrest report spans the Tennessee River, which separates the City of Florence, located in Lauderdale County on the north side of the river, from the City of Sheffield, located in Colbert County on the south side.

reported that the plaintiff had been "driving very bad" and had "been through two yards."   The verified statement of claim the plaintiff filed with the City, which also is attached to the complaint as Exhibit E, further describes the incident and does not allege any facts that provide evidence that the arrest was made without probable cause.   (Doc. 1-1).

        The plaintiff has not alleged any facts that plausibly show that her arrest and the seizure of a large quantity of prescription drugs were illegal or not based on probable cause.   Under Twombly, the plaintiff's complaint fails to state facts that, if taken on their face, would entitle her to relief.   Indeed, the arrest report attached as an exhibit to the complaint affirmatively shows that Officer Ergle possessed probable cause to make the arrest.   Not only had he received reports of plaintiff's erratic driving from a Florence police officer and Officer Rhea, he confirmed for himself that plaintiff was too impaired to drive.[8]   Based on that probable cause, Officer Ergle's arrest of the plaintiff did not violate the Fourth Amendment.   Additionally, upon arresting her for driving under the influence, Officer Ergle properly searched the automobile in which she was seated and seized a large quantity of prescription pills, including hydrocodone.   Arizona v. Gant, 556 U.S. 332, 335, 129 S. Ct. 1710, 1714, 173 L. Ed. 2d 485 (2009) ("[W]e also conclude that

─────────────────

        [8]        It should be noted that no traffic stop occurred.   The facts stated in the exhibits show that plaintiff already had stopped and parked in a parking lot when Officer Ergle approached her.   When he did so, he had a reasonable and articulable suspicion that she was driving while impaired by some substance, based upon the reports he had received from the Florence officer, and thus, under Terry and Berkemer v. McCarty, properly conducted an investigative detention to determine whether plaintiff violated the law against driving under the influence.   His observation of her slurred speech and inability to walk a straight line created probable cause for the arrest. "Under the Fourth Amendment, we have held, a policeman who lacks probable cause but whose 'observations lead him reasonably to suspect' that a particular person has committed, is committing, or is about to commit a crime, may detain that person briefly in order to 'investigate the circumstances that provoke suspicion.' United States v. Brignoni–Ponce, 422 U.S. 873, 881, 95 S. Ct. 2574, 2580, 45 L. Ed. 2d 607 (1975)." Berkemer v. McCarty, 468 U.S. 420, 439, 104 S. Ct. 3138, 3150, 82 L. Ed. 2d 317 (1984)

circumstances unique to the automobile context justify a search incident to arrest when it is reasonable to believe that evidence of the offense of arrest might be found in the vehicle."). Because there was probable cause to believe plaintiff was under the influence of some substance, the drugs found in the car were themselves evidence of her offense of DUI and, thus, properly seized as such.

It is clear even from the scant facts pleaded by the plaintiff, notwithstanding her conclusory allegations to the contrary, there was probable cause to arrest her for DUI, to search her car incident to the arrest, and to seize the pills found in it.   Other than her conclusory assertions that no probable cause existed, she has pleaded no facts except those recited in the exhibit attached to the complaint, and those facts plainly show an initial articulable suspicion warranting further investigation which blossomed into full probable cause to believe that she drove under the influence of a substance then unknown.   A search of the car to locate the potential substance was justified under Gant, and the seizure of the pills as evidence was proper.   None of these actions by Officer Ergle violated plaintiff's Fourth Amendment rights.[9]

---

[9]      Also, insofar as plaintiff attempts to allege a constitutional violation sounding in due process arising from the City's failure to return her drugs, her claim would be one for procedural due process relating to a deprivation of property.   There is no denial of due process, however, if plaintiff has a procedure under state law through which she can seek return of or compensation for the loss of her property.   "So long as the State provides adequate post-deprivation remedies, 'due process d[oes] not require pre-deprivation hearings where the holding of such a hearing would be impracticable, that is, where the deprivation is the result of either a negligent or an intentional deprivation of property.'  McKinney v. Pate, 20 F.3d 1550, 1562–63 (11th Cir. 1994) (*en banc*)."   National Ass'n of Boards of Pharmacy v. Board of Regents of the Univ. Sys. of Georgia, 633 F.3d 1297, 1317 (11th Cir. 2011).   It is only when the state fails to provide a remedy for a deprivation of property that a constitutional due process violation occurs. "[E]ven when a plaintiff has "suffered a procedural *deprivation* at the hands of [the state], he has not suffered a *violation* of his procedural due process rights unless and until the State ... refuses to make available a means to remedy the deprivation."   Flint Elec. Membership Corp. v. Whitworth,

Accordingly, the motion to dismiss is due to be granted as to the Fourth Amendment claims against both defendants.[10]

## 2.   The City's Liability under *Monell v. Department of Social Services*

The defendant City also seeks dismissal of plaintiff's claims against it pursuant to the Supreme Court's decision in Monell v. Department of Social Services of New York, 436 U.S. 658, 691-92 (1978).   A municipality cannot be liable for a constitutional tort under § 1983 unless the deprivation of the constitutional right occurred as a result of an official policy or custom of the governmental body.   Monell, 436 U.S. at 690-91 (1978).   This means that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." 436 U.S. at 691.   The

---

68 F.3d 1309, 1313 (11th Cir. 1995) modified, 77 F.3d 1321 (11th Cir. 1996) (quoting McKinney v. Pate, 20 F.3d 1550, 1563 (11th Cir. 1994) (*en banc*)) (italics in original).   Alabama law recognizes *in rem* actions by claimants for the return of property seized by municipal law enforcement agencies.   See Green v. City of Montgomery, 55 So. 3d 256 (Ala. Civ. App. 2009). Thus, because Alabama provides a post-deprivation remedy for the return of seized property, plaintiff has suffered no due process violation. There is process available to her, and she cannot state a claim for denial of procedural due process with respect to the seizure and retention of her drugs.

[10]     Some courts have held that when a complaint pleaded under less stringent state pleading standards is removed to federal court and dismissed under the more stringent Twombly/Iqbal standards, the plaintiff should be given leave to amend.   See, e.g., Stuhlmacher v. Home Depot U.S.A., Inc., 2011 WL 1792853 (N.D. Ind. May 11, 2011).   The court does not believe that is necessary here for several reasons.   First, in responding to the motion to dismiss, plaintiff has not argued that she relied on less stringent state pleading standards when she framed her complaint.   Rather, she cites Twombly/Iqbal and contends that her pleading complies with it. Where the plaintiff does not assert some unfairness in the application of the Twombly/Iqbal standard to her complaint, allowing her to amend after the dismissal of her complaint appears to be giving her two bites at the apple.   Second, under Fed. R. Civ. P. 15(a)(1)(B), plaintiff could have amended her complaint as a matter of course within 21 days after the filing of the Rule 12(b)(6) motion to dismiss, but she did not do so.   Plaintiff had an adequate opportunity to amend the complaint to cure any pleading defects after they were brought to her attention by the motion, but she elected not to, and after forgoing that opportunity, there seems to be little reason to allow her to do so now.

Eleventh Circuit Court of Appeals has further determined that a municipality may be liable under § 1983 for the actions of a police officer only when the city's "official policy" caused the violation. Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998).

In order to survive a motion to dismiss the Fourth Amendment claims, the plaintiff must have pleaded some facts that allege that the city had a policy, custom, or procedure of unlawfully arresting or searching persons during traffic stops, or that the city had a policy or practice of illegally seizing property obtained in searches.  A plaintiff may not survive a well-supported motion to dismiss by "simply put[ing] forth vague and conclusory allegations alleging the existence of an official policy."  Perez v. Metropolitan Dade County, 2006 WL 4056997 *2 (S.D. Fla. April 28, 2006).  "[T]o withstand a motion to dismiss, a plaintiff must allege: (1) an unofficial practice; (2) though repeated acts; (3) of a final policymaker of the [entity]; (4) that is permanent and well settle[d]; (5) about which the [entity's] final policymakers knew and failed to stop."  Moore v. Miami-Dade County, 2007 WL 4644629 *6 (S.D. Fla. Dec. 10, 2007).

In the instant case, plaintiff has failed to offer any facts to support her claim by defining or describing in any way the policy or practice she alleges was in force in Sheffield.  See, e.g., Neveu v. City of Fresno, 392 F. Supp. 2d, 1159, 1178 (E.D. Cal. 2005).  Again, the plaintiff uses the phrase that the city had a "policy, practice, and procedure" but fails to allege any fact – another similar incident, a manual or guideline, or even anecdotal evidence – that would allege a factual basis under Twombly and Iqbal.  Accordingly, the motion to dismiss the § 1983 claims against the municipal defendant, the City of Sheffield, is due to be granted.[11]

---

[11]     To the extent that the plaintiff asserts claims against Ergle in his official capacity, the claim is a claim against the city and is subject to the same application of Monell.

**B. State Law Claims**

Plaintiff also asserts that she was unlawfully arrested and searched in violation of state law. (Doc. 1-1, ¶ 18).   Count Two of the complaint, labeled simply "state law claims," asserts generally that the defendants "breached the applicable statutory [] duties," and then cites Alabama Code § 11-47-190. [12]   The complaint alleges that the defendants "wrongfully arrest[ed], wrongfully, neglectfully, carelessly or unskillfully search[ed] plaintiff, and retain[ed] personal property, and committed actual negligence proximately injuring plaintiff."   (Doc. 1-1, Complaint, ¶ 18).   There is no allegation that the defendants acted intentionally, willfully or maliciously.[13] Plaintiff further alleges, as Count Three, that the City is liable for failure to properly hire, retain, supervise, or train Ergle.   (Doc. 1-1, Complaint ¶¶ 20-22).   Defendants assert that the state-law claims are due to be dismissed against the City because plaintiff failed to comply with the notice provisions of Alabama Code §§ 11-47-23 and 11-47-192, and that the state-law claims against both defendants are due to be dismissed because defendants are shielded by state-agent immunity.

<u>1.   Notice Requirements for Suit against a Municipality</u>

---

[12]   The statute provides: "No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless such injury or wrong was done or suffered through the neglect, carelessness, or unskillfulness of some agent, officer, or employee of the municipality engaged in work therefor and while acting in the line of his or her duty...."

[13]   The code section cited has been deemed to shield municipalities from liability for the intentional torts of their employees.   <u>Brown v. City of Huntsville</u>, 608 F.3d 724 (11th Cir. 2004).

The defendants seek dismissal of all tort claims brought by plaintiff under state law on grounds that the claims are barred by the notice provisions of Alabama Code §§ 11-47-23 and 11-47-192.  Section 11-47-192 provides that "[n]o recovery shall be had against any city or town on a claim for personal injury received, unless a sworn statement be filed with the clerk by the party injured or his personal representative in case of his death stating substantially the manner in which the injury was received, the day and time and the place where the accident occurred and the damages claimed."   Section 11-47-23 provides that "[c]laims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred."

The plaintiff filed a notice of claim with the City of Sheffield on May 28, 2013.  She alleges this fact in her complaint (doc. 1-1, ¶ 14) and she attaches to the complaint a copy of the notice (doc. 1-1, Ex. E).[14]   It is undisputed that the event that gave rise to the complaint (her arrest and search, and the seizure of the pills) occurred August 21, 2012, and her claims accrued on that date.  Under the governing notice statute, her verified complaint must have been delivered no later than six months from the accrual of the claim, or by February 21, 2013.  Accordingly, her claim, filed more than nine months after the tort claims accrued against the City, was untimely and is barred by the limitations period set forth in Alabama Code §11-47-23.[15]   The motion to dismiss

---

[14]      In her brief filed in opposition to the motion to dismiss, plaintiff argues that she has made "no such admission" regarding failure to comply with the notice provisions of the Alabama Code.   Even so, she admits that the exhibit is the statement of claim filed, and does not dispute the date that is indicated as the filing date.   The exhibit, filed with the complaint, is considered a factual allegation set forth in the complaint and is considered to be true for purposes of the instant motion.   Fed. R. Civ. P. 10(c).

[15]      The court expresses no opinion as to whether an *in rem* action for return of plaintiff's seized drugs is barred by the notice statutes.   It is at least arguable that her claim for denial of return of the drugs did not accrue until the criminal case against her was dismissed in

the tort claims set forth in Counts Two and Three is due to be granted as to the claims against the municipal defendant.

2.   Immunity from Tort Liability

Assuming that the complaint also alleges tort claims under Alabama law against Ergle in his individual capacity, Ergle has asserted that he is entitled to immunity pursuant to Alabama Code § 6-5-338 (1975).   The statute provides that a police officer of any municipality in the state "shall have immunity from tort liability arising out of his or her conduct in performance of any discretionary function within the line and scope of his or her law enforcement duties."   Id. Discretionary functions have been deemed to be "those acts as to which there is no hard and fast rule as to the course of conduct that one must or must not take, and those acts requiring exercise in judgment and choice and involving what is just and proper under the circumstances."   Moore v. Adams, 754 So. 2d 630, 632 (Ala. 1999), citing Wright v. Wynn, 682 So. 2d 1, 2 (Ala. 1996) and L.S.B. v. Howard, 659 So. 2d 43 (Ala. 1995).

The Alabama Supreme Court specifically held that the immunity applies to the conduct of officers in making an arrest or attempting to make an arrest, Swann v. City of Hueytown, 920 So. 2d 1075, 1079 (Ala. 2005); Ex parte Cranman, 792 So. 2d 392, 405 (Ala. 2000), as well as in the execution of a search.   See Moore, 754 So. 2d at 632 (holding that immunity applied where officers mistakenly searched a house that was not the house described in the warrant).   The statutory immunity extends not only to the officers, but to the governmental unit that employs

_____

April 2013, when the drugs were no longer considered evidence in the case, so that her August 2013 verified statement of claim may have been timely as to that claim.   Whether such a claim remains viable is a question of Alabama state law, which is dismissed here without prejudice under 28 U.S.C. § 1367(c).

15

them.[16]   See Ex parte City of Montgomery, 758 So. 2d 565, 570 (Ala. 1999); see also Key v. City of Cullman, 2001 WL 1450651, *6-7 (Ala. Civ. App. 2001) (holding that if its police officer is entitled to immunity under § 6-5-338, the city also is entitled to immunity); Montgomery v. City of Montgomery, 732 So. 2d 305 (Ala. Civ. App. 1999) (holding that both the officer and the city were immune under § 6-5-338 for arrest of a man who was mistaken for the man named in the warrant).

The immunity shields the officers and the city from liability "unless [the] actions were conducted with willful or malicious intent or in bad faith." Ex parte City of Montgomery, 758 So. 2d at 570.   Where the complaint "fails to allege willfulness, malice, fraud, bad faith, or a mistaken interpretation of the law," state-agent immunity applies.   Knight v. Pugh, 801 F. Supp. 2d 1235, 1246 n.6 (M.D. Ala. 2011).   As discussed supra, the only allegations made by plaintiff are that the defendants acted negligently.   Ergle, and the City through Ergle, were exercising judgment in the enforcement of the criminal laws of the state; accordingly, both of the defendants are immune from liability from the alleged negligence in the arrest, search or seizure of plaintiff by Alabama Code § 6-5-338, and the defendants' motion to dismiss the negligence claims (Counts Two and Three) is due to be granted.


## CONCLUSION

Based on the foregoing, the motion to dismiss filed by defendants (doc. 4) is due to be GRANTED, and, except as stated in the next sentence, the claims against the defendant City of Sheffield and against defendant Ergle in his official and/or individual capacity are DISMISSED

---

[16]     Section 6-5-338(b) specifically includes "peace officers and governmental units or agencies authorized to appoint peace officers."

WITH PREJUDICE.   Insofar as the plaintiff has alleged a state-law *in rem* claim for the return of the drugs seized from her, that claim is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1367(c).   A separate Order will be entered.

DATED this 21st day of May, 2014.

T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE